PER CURIAM.
Appellant was convicted of two counts of sexual activity with a minor child 12 years of age or older, but less than 18 years of age by a person in familial or custodial authority, and two counts of lewd or lascivious molestation of a minor child 12 years of age or older, but less than 16 years of age. He appeals the summary denial of his supplemental third amended motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 8.850, which raised 20 grounds for relief. We affirm the lower court’s summary denial of all issues, except for the summary denial of ground 19, which is discussed below, because each issue is either conclusively refuted by the record, legally insufficient after amendment, without merit as a matter of law, or is inherently incredible.
The victim in this case delayed reporting to law enforcement that she had been sexually battered and molested by Appellant. Anticipating an attack on her credibility, the State successfully argued, pretrial, that the victim should be allowed to testify that she did not immediately report these crimes because she was afraid of Appellant as she had witnessed him commit acts of domestic violence on her mother. Over objection, the trial court, citing to Williamson v. State, 681 So.2d 688 (Fla.1996), permitted the testimony. In ground 19, Appellant alleges that his counsel was ineffective by failing to object at trial and thereafter move for a mistrial because the victim’s trial testimony did not support the State’s proffered theory that the victim failed to timely report the crimes because she was afraid of Appellant. In response, the State recommends that this court remand ground 19 to the trial court to either attach record documents that will conclusively refute the ground or conduct an evidentiary hearing. See, e.g., McLin v. State, 827 So.2d 948, 954 (Fla.2002) (“To uphold the trial court’s summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.” (quoting Foster v. State, 810 So.2d 910, 914 (Fla. 2002))). We agree and reverse the summary denial of ground 19 and remand with instructions that the trial court either attach portions of the record that conclusively refute this ground or grant an evidentia-ry hearing.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
ORFINGER, EVANDER and LAMBERT, JJ., concur.